PERU STEEL AND IRON COMPANY *vs.* WHIPPLE FILE AND STEEL MANUFACTURING COMPANY.

If a case is reserved for the full court on an auditor's report, his findings will not be reversed, unless, as matter of law, the facts reported by him require it.

The plaintiffs in a suit instructed their attorney to settle the case on certain terms, coupled with a certain condition, and afterwards spoke to the defendants of the terms as terms of settlement, without saying anything about the condition; the attorney never mentioned the condition, but settled upon the other terms proposed, and the defendants believed and had reason to believe that the attorney had authority to settle as he did. *Held,* that the plaintiffs were bound by the settlement.

A suit was settled by the plaintiffs' attorney upon the defendants paying a sum as damages and also his fees. *Held,* that the plaintiffs could not rescind the settlement as unauthorized upon tendering to the defendants only the amount paid by them as damages.

CONTRACT for iron sold and delivered by the plaintiffs to the defendants. Writ dated March 13, 1867. The case was referred to an auditor who made a report substantially as follows :

In March 1866 the defendants, who owed about $19,000 to the plaintiffs, a corporation doing business in New York, became embarrassed and failed to pay their debts; the plaintiffs employed Joseph W. Foster to adjust and settle their claim upon the defendants, and Foster employed Micah Dyer, Jr., an attorney, to bring suits against the defendants for the amount, which were brought accordingly. In September 1866 the plaintiffs authorized Foster to agree to a settlement with the defendants on the terms that they would deliver to the plaintiffs $12,000 in preferred stock of the defendants, accompanied by the guaranty of William P. Pierce, the defendants' president, for its repurchase at par within a year, and would pay the balance of the plaintiffs' claim in cash and also their costs and attorney's fees, and Foster instructed Dyer to arrange the settlement on these terms. Foster soon afterwards, in conversation with the defendants' agénts, mentioned the delivery of the $12,000 in stock and the payment of the cash balance and of the costs and attorney's fees as terms of settlement, but said nothing about the guaranty by Pierce. Throughout October Dyer was negotiating with the defendants, he had in his possession the plaintiffs' accounts, and was instructed not to settle unless he procured Pierce's guaranty, but he never said anything to the defendants or to Pierce about this guaranty, and on November 1, 1866, settled with the defendants, receiving the $12,000 in preferred stock, the balance of the plaintiffs' claim in cash and also $1050 for his costs and services as attorney for the plaintiffs, and gave receipts of the plaintiffs' claim. The plaintiffs did not know of Dyer's failure to procure Pierce's guaranty till they learned it by a letter from him dated February 28, 1867. On March 11, they notified the defendants that they rescinded the settlement made by Dyer, tendered the cash paid them and offered to transfer back the stock, but did not tender to the defendants the amount paid to Dyer for his fees and costs.

The auditor found upon these facts that the plaintiffs were not entitled to recover.

At the trial in this court, before *Ames, J.*, the plaintiffs offered in evidence the auditor's report, but neither side offered any other evidence, and the judge reserved the case for the consideration of the full court, such judgment or order to be entered therein as should be proper.

*H. W. Paine*, for the plaintiffs.

*J. D. Ball*, for the defendants.

WELLS, J. An auditor's report is *primâ facie* evidence, which, if not controlled, requires that judgment be rendered in accordance with its conclusions. If subordinate facts and findings are reported, a jury may draw inferences therefrom different from those drawn by the auditor, and render a verdict different from the result arrived at by the auditor. *Ropes* v. *Lane*, 9 Allen, 502. *Morrill* v. *Keyes*, 14 Allen, 222. But if the parties submit the case to the full court upon the auditor's report alone, all inferences of fact which could reasonably be drawn from the evidence in favor of the general conclusion of the auditor, will be presumed to have been so drawn by him ; and if they are sufficient to sustain his final conclusion the judgment will be rendered accordingly. The court will not reverse his findings unless the facts, reported by him, require it, as a matter of law.

In this case the auditor finds that the plaintiff is bound by the settlement of its demand, made by Micah Dyer, Jr.; and is not entitled to recover. But he also finds and reports that Dyer had no authority, in fact, to make the settlement, without requiring a certain guaranty, from one Pierce, in regard to the shares of stock received as payment in part. The final conclusion therefore must have been reached through the position, either that Dyer was held out to the defendant as having full authority, or that the plaintiff had not done all that was necessary for the purpose of rescinding or avoiding the contract of settlement. We think it is well supported upon either ground.

Dyer was employed as the plaintiff's attorney at law to prosecute a suit to enforce the claim. He participated with Foster, who had full authority, in arranging the details of settlement. He was intrusted with the business of carrying the arrangement into effect, and with the vouchers of the plaintiff's demand. The

settlement which he made was in conformity with the terms authorized by the plaintiff, with the exception of the guaranty ; and Foster had previously mentioned these terms to the defendant's agents, as terms of settlement, without mentioning the condition of a guaranty. This omission on his part, and his failure to suggest to the defendant's agents that Dyer was in any way restricted, beyond the terms which he himself had named, gave those agents every reason to believe that Dyer was authorized to make the settlement which he did make. The master so finds ; and also that they did in fact so believe.

Against such a settlement the plaintiff cannot set up a restriction upon the authority of the agent who was employed to make it ; or a condition intended to be attached to the proposition of settlement ; neither of which were disclosed to the other party.

Upon the other ground, it appears that payment of costs and counsel fees to the plaintiff's attorney, was expressly made one of the terms of settlement. Those expenses were properly payable to Dyer as a part of the execution of the agreement of settlement ; and such payment relieved the plaintiff from further liability to him for those charges. Repayment of that sum was as necessary, in order to rescind or avoid the settlement, as repayment of the amount received by the plaintiff upon the debt. The overcharge by Dyer does not affect the question ; at least, so long as the plaintiff did not offer to make restoration of any part of the money retained by Dyer.

There being nothing in the report to impeach the general conclusion of the auditor, that the plaintiff is not entitled to maintain the action, our order must be

*Judgment for the defendant.*