MOSES E. EMERSON *vs.* PAUL D. PATCH, executor.

Essex. Nov. 8, 1877. — Jan. 14, 1878. MORTON & SOULE, JJ., absent.

In an action on an account annexed for wood sold to A., the report of an auditor stated that the plaintiff sold the wood in question to B., who was then engaged in manufacturing bricks for A. under a written agreement, by which A. was to furnish all necessary materials for making the bricks, except the clay ; that the wood was delivered at the brick-yard, occupied by B., and there used by him in making the bricks for A. ; that A. frequently visited the yard while the wood was being so used, and in fact sold a part of the bricks after they had been manufactured ; that the plaintiff, at the time of the sale to B., was ignorant of the agreement between A. and B., and of the fact that any person except B. had an interest in the business, and was first informed of it within a week before suit was brought ; that, in the meantime, A. and B. had made a final settlement of their accounts, in which A. gave up to B. certain promissory notes held against him, and B. released to A. his claim for making the bricks, and executed to him a receipted bill for the wood, which was dated prior to the time of settlement ; and found for the plaintiff. The judge ruled that, on these facts, the auditor was not justified in finding for the plaintiff, and ordered a verdict for the defendant. *Held,* that the ruling was erroneous, and that the evidence should have been submitted to the jury.

CONTRACT, on an account annexed, for wood sold and delivered to Charles Dustin, the defendant's testator.

At the trial in the Superior Court, before *Gardner*, J., the plaintiff put in evidence the report of an auditor in his favor, and rested his case. The report of the auditor stated that the plaintiff sold the wood, charged in the account annexed, to Edward Foye, who was then engaged in manufacturing bricks for Dustin, under a written agreement, by the terms of which Dustin agreed to furnish all necessary materials for making the bricks, except the clay ; that the number of cords and the price were agreed on by the plaintiff and Foye, and the wood was delivered at the brick-yard occupied by Foye, and was there used by him in burning the bricks made by him for Dustin under the agreement ; that Dustin, during the progress of making the bricks, was frequently at the brick-yard, and observed what was being done, and, after the burning was finished, sold a part of the bricks ; a part was sold by Foye, and the remainder, after the death of Dustin, were taken and sold by the defendant ; that, at the time of the sale and delivery of the wood in question, the plaintiff was not informed of the agreement between Dustin and Foye, and had no knowledge that Dustin or any other person

had any interest or responsibility in or about the business except Foye, and his first information upon that subject was within one week before the commencement of this action, when he learned of the existence of the written agreement between Dustin and Foye; that in the meantime, on November 12, 1874, Dustin and Foye made a settlement of their accounts, in which Dustin released and gave up to Foye certain promissory notes which he held against him, and Foye released to Dustin his claim for making the bricks, and also executed to Dustin a bill receipted for the wood in question or the larger portion of it, (dated October 27, 1874,) and made a final adjustment of their account of the business of manufacturing the bricks; and upon these facts found that the plaintiff was entitled to recover for the price of the wood so sold and delivered to Foye, and stated the account.

The defendant offered no evidence, but contended that the findings of the auditor were not justified by the facts reported by him. The plaintiff contended that he was entitled to a verdict.

The judge ruled that, on the facts and evidence reported by the auditor, with all such inferences as he might legally draw from the same, the auditor was not justified in finding for the plaintiff, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. C. Perkins*, for the plaintiff.

*H. Carter*, (*J. P. Jones* with him,) for the defendant.

ENDICOTT, J. The plaintiff seeks to recover against the estate of Charles Dustin for certain wood sold by him to Edward Foye, on the ground that Foye was the agent of Dustin in purchasing the wood, which fact was not disclosed to him at the time, but as soon as ascertained this action was brought.

By the contract between Foye and Dustin, Foye was to make bricks, and Dustin was to furnish all the necessary materials for making, except the clay. The contract provides the manner in which Foye shall be paid for his work, and the bricks, when finished, were the property of Dustin. It is not denied by the defendant that wood is a necessary material in the manufacture of bricks, and it was the duty of Dustin, by the terms of the contract, to supply it. After the contract was made, Foye bought the wood from the plaintiff; it was all consumed in burning the

bricks, which fact must have been known to Dustin, as he was frequently in the yard observing what was done. It was a material he was bound to furnish; it was consumed in making his bricks with his knowledge. Foye had a duty to obtain it, and whether Foye acted as his agent in buying it of the plaintiff was a question for the auditor to determine on the facts before him, the substance of which is stated in his report. The report was therefore proper evidence for the jury on that branch of the case.

The second question argued at the bar we are not called on to decide. It was contended by the defendant, that, assuming Foye to have been the agent of Dustin in the purchase, yet that Dustin was relieved from liability, because he paid Foye for the wood before the plaintiff brought his action, or knew that Dustin was the principal in the transaction. But that question can arise only when it is ascertained as a fact that such a payment has actually been made, and in good faith. The auditor does not say in his report that Dustin had paid the money to Foye for the wood, but that Foye gave him a receipted bill for the same. This receipt was given by Foye to Dustin on November 12, when the settlement was made for the bricks, and for some reason dated back to October 27. Whether the auditor found that the money was actually paid, or that it was a mere colorable transaction, does not appear. And we cannot say, as matter of law, that, in passing upon this question, he was bound to find that it was paid, merely on the evidence furnished by this receipt.                     *Exceptions sustained.*