EUNICE W. BLACKINGTON, administratrix, *vs.* ARTHUR JOHNSON.

Suffolk. November 18. — 20, 1878. COLT & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 129, § 72, where a declaration contains two distinct counts, the allegations in one are not conclusive evidence against the plaintiff upon the trial of the other.

An auditor's general finding, as *prima facie* evidence, may be overcome by the particular facts and the evidence stated in his report and warranting a different conclusion.

A witness, called by one party for any purpose, may be cross-examined by the other party upon the whole case; and the limit to such cross-examination is within the discretion of the presiding judge.

Under the Gen. Sts. *c.* 112, § 13, authorizing this court to award double costs "if it appears that the exceptions are frivolous, immaterial, or intended for delay," the question whether that fact appears is for the court upon the bill of exceptions, without other evidence or argument by either party.

CONTRACT against the maker of a promissory note for $300, dated November 12, 1875, and payable, six months after date, to the order of the plaintiff's intestate. Writ dated December 13, 1876. The answer contained a general denial, and alleged payment by another promissory note for $300, dated May 12, 1876, signed by the defendant, payable in six months, and delivered to the plaintiff's intestate. The defendant also filed a declaration in set-off for services rendered the intestate, to the amount of $506. The plaintiff thereupon was allowed to amend his declaration by adding a second count declaring on the note of May 12, 1876.

The case was referred to an auditor, who reported that, at the hearing before him, it appeared in evidence that the considera

tion for the first note was money lent by the intestate to the defendant; that, when the note became due, a new note for the same sum was given, payable on demand; that the papers left by the intestate had been examined, and the first note found among them; that the second note was not found, and was not produced at the hearing; that there was no evidence that it had ever been seen by any one after the defendant signed it and gave it to the intestate; that the defendant testified that he paid the first note at its maturity by giving the second at a time when he and the intestate were alone together, then paying the six months' interest, nine dollars, partly in money, and partly in things of small value, which the intestate had received from him at various times; that he admitted that he had never paid the second note in money, and that its date and tenor were correctly set forth in the plaintiff's second count. The auditor found that the first note had been paid by the second; and found for the plaintiff on the second count; and for the defendant on his declaration in set-off to the amount of $218.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff put in evidence the auditor's report, which was read to the jury, and called the auditor. who testified that no one but the defendant testified before him as to the payment of the first note and the making of the second, as stated in the report. The plaintiff then rested her case. The defendant, in his opening, stated that he should offer no evidence except to control the auditor's report on one item of the declaration in set-off, and called several witnesses, who testified on this point; and the plaintiff was allowed, against the defendant's objection, to cross-examine them as to the two notes, and as to all the items in set-off.

The plaintiff went to the jury upon both notes, and contended that the first note had never been paid, and that there never was a second note; but that if the jury found that the first note had been paid by the giving of the second, then that she could recover upon the second note, but did not claim to recover upon but one of the notes.

The defendant asked the judge to instruct the jury that there was no evidence upon which the plaintiff could recover on the first note, because the auditor found that it was paid or taken

up by the second note, and because the plaintiff brought suit on the second note, and was estopped to deny that the first note was paid.

The judge refused to give the instructions requested, but instructed the jury that the auditor's report was *prima facie* evidence, and, unless it was controlled, that their verdict should be in accordance with it, both as to the finding on the notes and the set-off.

The jury returned a verdict for the plaintiff, for $162.50, on the first note; and the defendant alleged exceptions.

*E. T. Buss,* for the defendant.

*F. C. Welch,* for the plaintiff, was not called upon, and moved for double costs.

GRAY, C. J. The allegations in one count of the declaration were not conclusive evidence against the plaintiff upon the trial of the other. Gen. Sts. *c.* 129, § 72. *Lyons* v. *Ward,* 124 Mass. 364.

The effect of the auditor's general finding as *prima facie* evidence might be overcome by the particular facts and the evidence stated in his report and warranting a different conclusion. *Commonwealth* v. *Cambridge,* 4 Met. 35. *Taunton Iron Co.* v. *Richmond,* 8 Met. 434, 436. *Peru Co.* v. *Whipple Manuf. Co.* 109 Mass. 464, 466.

The admission of the questions put upon cross-examination was within the discretion of the presiding judge, and not a subject of exception. In the courts of this Commonwealth, a witness, called by one party for any purpose, may be cross-examined by the other party upon the whole case. *Moody* v. *Rowell,* 17 Pick. 490. *Beal* v. *Nichols,* 2 Gray, 262.

The defendant's counsel was not heard upon the motion for double costs, because, under the Gen. Sts. *c.* 112, § 13, and the similar provision of the Rev. Sts. *c.* 81, § 31, authorizing this court to award double costs "if it appears that the exceptions are frivolous, immaterial, or intended for delay," the question whether that fact appears has always been determined by the court from the bill of exceptions, without other evidence, or argument by either party.

In the present case, the exceptions appear to the court to be frivolous, and are therefore *Overruled, with double costs.*