NATHANIEL HAMILTON *vs.* BOSTON PORT & SEAMEN'S AID SOCIETY.

Suffolk.  March 27. — 28, 1879.  AMES & LORD, JJ., absent.

In an action for money lent to a benevolent society by its superintendent, the plaintiff put in evidence the report of an auditor in his favor, which stated that the plaintiff had general charge of the receipts and expenditures of the society, and rendered his accounts at stated intervals; that in his accounts he charged himself not only with money actually received, but also with accounts due the society which he considered good and expected to collect; and that, to make good the deficiency, he lent the society money from time to time; that the board of managers did not authorize the plaintiff to do so, but that there was no vote of the board forbidding it; that, at each time the accounts were settled, the plaintiff was asked whether that was his whole account, and he answered that it was. The defendant put in evidence several receipts of the defendant, given during the time covered by his account, acknowledging the receipt of sums of money of the society for money expended by the plaintiff for the society, the aggregate of which was larger than the amount sued for, but which contained no mention of money lent. Only one of these receipts was in evidence at the hearing before the auditor. The auditor's report and these receipts were the only evidence in the case. *Held,* that the judge rightly refused to rule, as matter of law, that the plaintiff was entitled to recover.

CONTRACT upon an account annexed for money lent from September 1874 to January 1876. The case was referred to an auditor, who reported the following facts:

The defendant corporation is a benevolent society, its object being to provide a good home for seamen while on shore, in a house owned by the society, and called the Seamen's Home, and

in connection with this house there is a store, from which sea-
men are furnished with outfits and infits, and a place for religious
worship, called the Bethel Church. The plaintiff, since the
organization of the defendant in 1867, had been superintendent
of the house and store, and had charge of the Bethel, for which
service he received the sum of $1000 a year, and the support of
himself and family. The society was managed by a board of
managers. The plaintiff, as superintendent, had the general
charge of the receipts and expenditures of the society, and, after
the year 1871, settled with the board of managers the store
account once each month, and the house account once every
three months. It was the custom of the plaintiff, when he ren-
dered his accounts to the board of managers for their inspection,
to charge himself with the total amount of the money received
by him for the society, and also with certain sums due the
society for board, &c., and which was not paid at the time he
rendered his accounts, but which he considered good, and ex-
pected to collect, he not informing the board of managers that
there was a certain portion of this amount that was not then
collected. In this account he credited himself with the amounts
paid out by him for the society, a balance was struck, and a
settlement made upon the above basis. Sundry of the items
which the plaintiff, in his accounts, had charged to himself as
cash paid, never, in fact, were paid to him, and, to make this
deficiency good, he, from time to time, lent the society sundry
sums of money in anticipation of collections of the amounts ad-
vanced.

In the year 1871 the plaintiff had trouble with the defendant,
growing out of a deficit in his accounts, not arising, however, from
any malfeasance of the plaintiff; and the deficit was made good
by the defendant. The president of the defendant corporation
called the plaintiff before him and told him there was trouble
in his accounts, that it must never occur again, and that he was
to make no more advances. The plaintiff promised him that it
should not happen again. At this interview, and in the presence
of the plaintiff, the president instructed the assistant treasurer of
the corporation to ask the plaintiff every month, at the time
he made his settlements with the corporation, " Is that your
whole account?" "Is that all?" "Is there anything back of

this?"  At every settlement after the interview in 1871, the assistant treasurer, or some one of the managers, acting for the assistant treasurer in her absence, asked the plaintiff these questions, when he presented his account for settlement.  To which he replied, " This is all."  The board of managers never authorized the plaintiff to borrow or lend money or make any advances in their behalf.  There was no vote of the board of managers forbidding the plaintiff from advancing money to meet any deficit of money in the settlements made by the plaintiff.  In January 1876 the plaintiff resigned his office of superintendent, to take effect on April 1 following.

The auditor found for the plaintiff, in the sum of $613 and interest, for money lent by him to the defendant.

At the trial in the Superior Court, before *Putnam*, J., without a jury, the plaintiff rested upon the auditor's report.  The defendant put in evidence four receipts signed by the plaintiff, acknowledging the receipt of certain sums from the defendant, as follows: The first, dated January 1, 1875, of $200, "towards paying the amount given to destitute shipwrecked seamen, during the year 1874."  The second, dated July 19, 1875, of $250, "for relief given to seamen in clothing and subsistence, to July 1, 1875."  The third, dated October 15, 1875, of $410.60, "for the aid and support of seamen, given in board and clothing from July 1, to September 30, 1875."  The fourth, dated January 1, 1876, was in the form of an account, showing the amount paid by the plaintiff " for provisions, groceries, coal and hired help to date," and the amount received by him "for board during the quarter from October 1," showing a balance due the plaintiff of $295.46.  This account was signed by the plaintiff, with the word "paid" opposite his name.  This last receipt was put in evidence at the hearing before the auditor.  There was no other evidence in the case.

On this evidence, the plaintiff contended that, as matter of law, the judge must find for the plaintiff in the same amount which the auditor found.  The judge declined so to do, and, upon the facts found by the auditor and the other evidence, found for the defendant; and, at the request of the parties, reported the case for the consideration of this court.  If the judge, as matter of law, ought to have found as contended by

the plaintiff, judgment was to be entered for the plaintiff for the sum found by the auditor; otherwise, judgment for the defendant.

*A. Hemenway*, for the plaintiff.

*R. D. Smith*, for the defendant.

, BY THE COURT. The judge by whom the case was tried had the same power as a jury, and, upon the particular facts stated in the auditor's report and the additional evidence, was not required, as matter of law, to reach the same general conclusion as the auditor, but was warranted in finding that the plaintiff never in fact lent the money sought to be recovered in this action. *Blackington* v. *Johnson, ante*, 21.

*Judgment for the defendant.*