Moses E. Emerson *vs.* Paul D. Patch, executor.

Essex.    Nov. 7, 1878. — Sept. 14, 1880.    Endicott & Lord, JJ., absent.

Where an auditor's report in favor of one party states particular facts from which a conclusion in favor of either party may be inferred, the jury, from those facts, without other evidence, may give a verdict against the conclusion of the auditor.

Contract on an account annexed for wood sold and delivered to Charles Dustin, the defendant's testator. After the former trial, reported 123 Mass. 541, the case was tried in the Superior Court, before *Brigham*, C. J., and the plaintiff put in evidence the report of an auditor in his favor, and rested his case.

The report of the auditor stated the following facts: The plaintiff sold the wood, charged in the account annexed, to Edward Foye, who was then engaged in manufacturing bricks for Dustin, under a written agreement, by the terms of which Dustin agreed to furnish all necessary materials for making the bricks, except the clay. The number of cords and the price were agreed upon by the plaintiff and Foye, and the wood was delivered at the brick-yard occupied by Foye, and was there used by him in burning the bricks made by him for Dustin under the agreement. Dustin, during the progress of making the bricks, was frequently at the brick-yard and observed what was being done, and, after the burning was finished, sold a part of the bricks; a part was sold by Foye, and the remainder, after the death of Dustin, was taken and sold by the defendant. At the time of the sale and delivery of the wood in question, the

plaintiff was not informed of the agreement between Dustin and Foye, and had no knowledge that Dustin or any other person had any interest or responsibility in or about the business except Foye, and his first information upon that subject was within one week before the commencement of this action, when he learned of the existence of the written agreement between Dustin and Foye. In the mean time, on November 12, 1874, Dustin and Foye made a settlement of their accounts, in which Dustin released and gave up to Foye certain promissory notes which he held against him, and Foye released to Dustin his claim for making the bricks, and also executed to Dustin a bill receipted, dated October 27, 1874, for the wood in question or the larger portion of it, and made a final adjustment of their account of the business of manufacturing the bricks. Upon these facts, the auditor found that the plaintiff was entitled to recover for the price of the wood so sold and delivered to Foye, and stated the account.

The defendant offered no evidence, but contended that the facts found and reported by the auditor did not justify his conclusion, and, upon this issue, claimed the right to go to the jury.

The judge ruled that the auditor's report, being the only evidence in the case, entitled the plaintiff to recover; and directed the jury to return a verdict for the plaintiff, without permitting the defendant's counsel to discuss the auditor's report and the facts therein stated, and whether those facts justified the auditor in his final conclusion and finding in favor of the plaintiff. The defendant alleged exceptions.

*J. P. Jones*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

GRAY, C. J. An auditor's report is made by statute *prima facie*, not conclusive evidence. The final conclusion of the auditor in favor of either party is as subject to be rebutted or controlled in the opinion of the jury, or of the judge when the case is tried without a jury, by the evidence or the particular facts or findings stated in the auditor's report, as by other evidence introduced at the trial. Gen. Sts. c. 121, § 46. *Commonwealth* v. *Cambridge*, 4 Met. 35, 40. *Taunton Iron Co.* v. *Richmond*, 8 Met. 434, 436. *Bradford* v. *Stevens*, 10 Gray, 379.

*Peru Co.* v. *Whipple Manuf. Co.* 109 Mass. 464, 466. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329, 330. *Holmes* v. *Hunt*, 122 Mass. 505. *Blackington* v. *Johnson*, 126 Mass. 21. *Hamilton* v. *Boston Port Society*, 126 Mass. 407.

The particular facts reported by the auditor in this case did not show, as matter of law, either that Foye was or that he was not the agent of Dustin, but left that essential fact to be inferred as matter of fact from the facts reported. The verdict at the first trial was set aside by this court solely because the presiding judge had ruled, as matter of law, that the plaintiff could not recover. *Emerson* v. *Patch*, 123 Mass. 541. The ruling at the second trial, that the plaintiff was entitled to recover, without permitting the defendant's counsel to argue to the jury, upon the auditor's report and the facts therein stated, whether those facts justified the auditor's final conclusion in favor of the plaintiff, was equally erroneous. The error at each trial consisted in withdrawing a question of fact from the consideration of the jury.                *Exceptions sustained.*