BENJAMIN B. WILLIAMS *vs.* JOHN R. WILLIAMS, executor.

Bristol.   Oct. 27, 1881. — March 2, 1882   MORTON, C. J., W. ALLEN
& C. ALLEN, JJ., absent.

No exception lies to the refusal of a judge to allow a witness to answer a hypo-
thetical question, not based on the evidence in the case.

In an action by a father to recover compensation for the services of his minor son
rendered to the child's grandfather, there was evidence that the child lived
with his grandfather during the period covered by the claim, attending school
part of the time and working on the defendant's farm during vacations and
after he left school; and that, a few months before the period covered by the
claim, the plaintiff notified the defendant that, if the child should thereafter per-
form services for the defendant, the plaintiff would exact full pay for such
services. *Held,* that the plaintiff was not entitled to a ruling that, if this notifi-
cation were proved, the plaintiff was entitled to recover the value of such ser-
vices to him, irrespective of their value to the defendant.

CONTRACT for services of the plaintiff's minor son and daugh-
ter, rendered to Marshall Williams, the defendant's testator and
father of the plaintiff.   Trial in the Superior Court before
*Knowlton,* J., who allowed a bill of exceptions, in substance as
follows:

The evidence tended to show that during the whole period
covered by the plaintiff's claim, three years prior to the death of
Marshall Williams, which occurred May 5, 1879, the plaintiff's
son lived with Marshall, his grandfather; that some of the time
he attended school, doing such ordinary chores as he could
nights and mornings, and helping his grandfather on the farm
during vacations; that after leaving school he worked on the
farm to a greater or less amount; that he worked some portion
of time for other persons, for which services he received the pay
himself; that his services were more like those of a son to his
father than those of a hired servant; and that his capacity and
ability for labor on a farm were fully up to the average of youth
of his age.

The plaintiff, after having testified to laboring all his early
life upon a farm, and to having hired men both by the day and
month to do farm work for him, and after other testimony tend-
ing to show his capacity to testify as an expert upon the value
of farm work, and that he was familiar with his son's capacity
for work, but had no knowledge of what he did during the time
in question, was asked the following question: "Assuming that

your son did the work about the farm in the ordinary way, milked the cows, did the planting and other work about the farm, not including extra work during haying, what would be a fair price for his services per month?" The judge, upon the defendant's objection, declined to allow the question to be answered, on the ground that there was no evidence of the facts assumed in the question.

There was evidence that the plaintiff, only a few months prior to the period covered by his claim, notified his father that, if these children should thereafter perform labor for him, he should exact the full pay for such services.

The plaintiff asked the judge to rule as follows: "If the jury find that the plaintiff, at any time prior to the period covered by the declaration, told the defendant's testator that he should exact full payment for the services set forth in the declaration, then the plaintiff is entitled to recover in this action the amount that such services would reasonably have been worth to the plaintiff, irrespective of their actual value to the defendant's testator; or if the jury find that, in consequence of these services being rendered to Marshall Williams, the plaintiff was thereby deprived of valuable services, then the plaintiff is entitled to recover what such valuable services would have been reasonably worth to him." But the judge declined so to rule.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. Haynes*, for the plaintiff.

*C. A. Reed & J. H. Dean*, for the defendant, were not called upon.

LORD, J. The first exception need not be considered. The value of services performed by the plaintiff's son is wholly immaterial, unless such facts existed between the parties as created the relation of debtor and creditor. This relation never did exist if the proceedings at the trial were in accordance with the law. The only objection made to those proceedings is, that the judge declined to rule to the jury, as requested by the plaintiff, that " if the jury find that the plaintiff, at any time prior to the period covered by the declaration, told the defendant's testator that he should exact full payment for the services set forth in the declaration, then the plaintiff is entitled to recover in

this action the amount that such services would reasonably have been worth to the plaintiff, irrespective of their actual value to the defendant's testator; or if the jury find that, in consequence of these services being rendered to Marshall Williams, the plain-tiff was thereby deprived of valuable services, then the plaintiff is entitled to recover what such valuable services would have been reasonably worth to him."

The only legal principle involved in this request is this: that if, at any time before the rendering of service by the minor son of the plaintiff, the plaintiff tells the defendant that he shall require compensation for such service, then the defendant is bound to pay what the services of the son would be worth engaged in proper employment to a person needing them, without any regard to the value of such service to the defendant; or, upon the same notice, the rule would be modified only by requiring proof that in consequence of such employment with the defendant the plaintiff was deprived of some valuable services, and the value of such services would be the measure of damages.

This is certainly a very extraordinary proposition; and it would have been error to submit it to the jury as law. The fact that the father stated he should require pay was a competent fact to submit to the jury, and by the bill of exceptions it appears to have been submitted to them; and there may have been proved such a condition of facts as that such demand would have been very effective, if not conclusive, evidence that the plaintiff's child was working for hire. But there may have been another state of facts which would have made such a statement from the son to his father simply preposterous. To illustrate, if it is the misfortune of a man to have a worthless son, of bad habits, poor and unable to support himself, and the father takes the minor grandchildren into his house and sends them to school, treats them as his children, and receives from them such labor in return as children are accustomed to render to their parents, the law raises no promise to pay his son for those services; and if at any time, in whatever condition of mind or body that son might be, he should tell his father that he expected pay for their services, it would be a reproach to the law if that request, under those circumstances, between those parties, absolutely and at all events necessarily created the relation of debtor

and creditor. This is precisely and only what the plaintiff asks; and the presiding judge very properly refused that naked proposition; and, it is to be assumed, gave to the jury accurate and appropriate instruction in reference to the subject matter.

A similar question was fully discussed by Chief Justice Shaw in *Guild* v. *Guild*, 15 Pick. 129, a case in which the court were divided upon the question whether the law implied a promise from a father to a daughter of full age to pay for services rendered to the father in his lifetime; but he states that the question is comparatively an unimportant one, because the judges were unanimously of opinion that the question of compensation in such and like cases would always depend upon the particular facts of each case, and that it is hardly possible to imagine a case in which, upon the full development of all the facts, it would not appear to the satisfaction of a jury upon what terms and under what circumstances the child was living with the parent.

It is obvious that every other fact proved in the case might have shown that the grandchildren were brought up by the grandfather for reasons of kindness and humanity, and that the insulated expression of the son was wholly unworthy of consideration. *Exceptions overruled.*