## CHARLES H. PEASLEE *vs.* LEWIS P. ROSS.

Essex.   Nov. 3, 1886. — Jan. 7, 1887.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

If an auditor to whom a case has been referred reports general findings in favor of the plaintiff, but also reports the particular facts and evidence upon which he bases such findings, the defendant has the right to go to the jury upon the auditor's report; and it is error to take the case from the jury, and direct a verdict for the plaintiff.

TORT for the conversion of a quantity of boots and shoes. The answer contained a general denial, and set up releases of the cause of action.   The plaintiff filed a replication, alleging that the releases were obtained by duress; to which the defendant rejoined that, by reason of laches, the plaintiff could not avoid the releases for duress.   At the trial in the Superior Court, before *Mason*, J., the plaintiff introduced in evidence an auditor's

report in his favor. The defendant offered no evidence; and the auditor's report. and certain documentary evidence relating to the plaintiff's insolvency, not material to be now stated, were all the evidence introduced. Upon this evidence, the judge ruled, as matter of law, that the plaintiff was entitled to recover, and directed a verdict accordingly; and the defendant alleged exceptions. The facts material to the point decided appear in the opinion.

*H. R. Bailey*, for the defendant.

*B. B. Jones*, for the plaintiff.

MORTON, C. J. We are of opinion that the Superior Court erred in taking the case from the jury and directing a verdict for the plaintiff. An auditor's report is only *prima facie* evidence of the matters referred to and found by him, and it is well settled that the effect of his general finding may be controlled by the particular facts and findings reported by him, if the jury think a different inference ought to be drawn from them. When he reports subordinate facts and evidence, the report must be submitted to the jury, who may render a verdict differing from the result arrived at by the auditor. *Peru Co.* v. *Whipple Manuf. Co.* 109 Mass. 464. *Emerson* v. *Patch*, 123 Mass. 541. *Blackington* v. *Johnson*, 126 Mass. 21. *Emerson* v. *Patch*, 129 Mass. 299.

In the case at bar, the auditor reports general findings in favor of the plaintiff, but he also reports the particular facts and evidence upon which he bases such findings; and the cases above cited conclusively show that the defendant had the right to go to the jury upon the auditor's report, at least upon the question whether the releases executed by the plaintiff were obtained by duress. As this makes a new trial necessary, we do not consider the other questions argued at the bar, as they may not arise, upon another trial, in the same form.

*Exceptions sustained.*