WILLIAM S. JOHNSON *vs.* WILLIAM A. KIMBALL,
administrator.

ANNIE JOHNSON *vs.* SAME.

Essex. November 1, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Auditor's Report — Trial — Exceptions — Action — Contract — Gratuity.*

A judge, sitting without a jury, is not bound by the report of an auditor, but has a right to find according to his own belief upon all the evidence.

If a bill of exceptions contains certain rulings and findings of the judge, sitting without a jury, followed by a statement that he also ruled that, as matter of law, upon the whole evidence, the plaintiff could not recover, such statement will be taken to mean that he ruled upon the evidence and the specific findings previously set forth.

In order to recover against an administrator for payments or services in his intestate's life, the latter's consent or ratification or some arrangement with him must

be shown, and to recover for the funeral expenses of the intestate's wife and for services rendered to her, it must be shown that they were incurred or rendered upon the credit of the intestate, or with the intent to collect the expenses or for the services from him or his estate, or that he promised to pay the plaintiff.

If A. chooses to do a service to B.'s advantage, which A. means to be gratuitous and which B. knows nothing about, the law does not force a complete or inchoate contract upon A. without the consent of either party, even in a case where B. is relieved of a duty and A. has the power to bind him if he chooses.

TWO ACTIONS OF CONTRACT, against the administrator of the estate of James Johnson, the first being to recover money paid for taxes and repairs upon the intestate's real estate, and for the funeral expenses of his wife ; and the second being for services rendered to the latter. The cases were tried together in the Superior Court, without a jury, before *Bond*, J., who found for the defendant in each case ; and the plaintiffs alleged exceptions, which appear in the opinion.

*F. H. Pearl*, for the plaintiffs.

*H. J. Cole*, for the defendant.

HOLMES, J.　1. The first of these actions is brought by a son against the administrator of his father's estate, to recover sums of money paid for taxes and repairs upon his father's house, and for the funeral expenses of the plaintiff's mother. The second action is brought by the wife of the plaintiff in the first suit, to recover for services rendered to her husband's mother. At the trial, which was without a jury, the plaintiffs relied upon reports of an auditor, but a considerable amount of evidence going to the merits of the case was introduced, of which it is enough to say that it warranted a finding for the defendant. The judge was not bound by the auditor's report, but had a right to find according to his own belief upon all the evidence. *Peaslee* v. *Ross*, 143 Mass. 275.

2. The plaintiffs asked for rulings that they were entitled to judgment. These are disposed of by what we have said. In the first case the judge ruled in effect that to recover for payments or services in the intestate's life his consent or ratification or some arrangement with him must be shown, and that to recover for the funeral expenses of the intestate's wife it must be shown that they were incurred upon the credit of the intestate, or with the intent to collect them from him or his estate, or that the intestate promised to pay the plaintiff. The judge added, that

he was not satisfied on the evidence that any of the facts required by the rulings existed. In the second case, the judge ruled in effect that the services sued for must be shown to have been rendered on the credit of the intestate, or with intent to collect for them from him or his estate, or that he promised to pay for them, adding, as before, that on the evidence he was not satisfied of the facts required by the rulings.

These rulings and findings seem to have been submitted to counsel in the handwriting of the judge, as they are in quotation marks. Then there follows in each case a statement not in quotation marks, and presumably first reduced to writing when the bill of exceptions was drawn, that the court also ruled that, as matter of law, upon the whole evidence the plaintiff could not recover.. We think it only reasonable to read this last broad statement as made subject to what had gone before, and as meaning that the court ruled upon the evidence and the specific findings previously set forth. If we read the general ruling in this sense, the only question necessary to consider is whether the previous rulings were correct. We see no trouble with them as applied to the aspects presented by the evidence. They require the plaintiffs to establish some ground of legal obligation. It was possible, and on the evidence even may be called probable, that the plaintiffs did what they did without thought of reward, as acts of kindness or of remote advantage to themselves, — at all events as pure gratuities. They lawfully might have done so, and, if they did, they had no case, because an executed gift is neither consideration for an express contract nor a ground for implying one as a fiction of law. This is the chief meaning and emphasis of the rulings. They were not intended to exhaust all possible cases of legal obligation irrespective of the evidence, nor were they intended to state any presumption of fact such as that upon which the court was divided in *Guild* v. *Guild*, 15 Pick. 129. See *Kirchgassner* v. *Rodick*, 170 Mass. 543, 546; *Williams* v. *Williams*, 132 Mass. 304, 307; and as to presumptions, *Leighton* v. *Morrill*, 159 Mass. 271, 278. If the rulings do by implication lay the burden of proof, according to the settled understanding of that phrase in Massachusetts, upon the plaintiffs, they are right, because, whatever the presumptions, the burden must be upon the plaintiffs to prove that what they seek to recover for

was furnished as a consideration for a legal obligation. *Phipps* v. *Mahon*, 141 Mass. 471. *Starratt* v. *Mullen*, 148 Mass. 570. *New Bedford* v. *Hingham*, 117 Mass. 445. *Delano* v. *Bartlett*, 6 Cush. 364, 366. There is nothing in the decision, nor, as we understand it, in the language, of *Burlen* v. *Shannon*, 14 Gray, 433, 434, contrary to what we now decide.

It is suggested that, even if the plaintiffs intended their services to be gratuitous, they could not achieve their intent without the consent of the intestate, and that they did not get his assent as he had disappeared. As to the services in looking after his place, it might perhaps be found that he assented in advance. The services to his wife, and burying her, were not necessarily done as services to him. But further, while it is true that you cannot pass a title to another without his consent, it is not true that if you choose to perform services to his advantage which you mean to be gratuitous, and which he knows nothing about, the law forces a complete or inchoate contract upon you without the consent of either party, even in a case where he is relieved of a duty and you have the power to bind him if you choose. There is no title to pass. The work is done and the benefit of the work has accrued. If the work is done without intent to be paid for it, the law leaves the parties where they are, and does not give it the character of a compulsory consideration in case you afterward change your mind.

*Exceptions overruled.*