THOMAS CUNNINGHAM *vs.* SEWALL C. BRACKETT administrator.

Suffolk.  November 15, 18, 1901. — January 2, 1902.

Present : HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Estoppel*, By conduct.

In an action to recover a commission for collecting rents and on sales of real estate, it appeared, that the plaintiff and the defendant's testator were brothers, and tenants in common of certain real estate, that the plaintiff took charge of the property with the express agreement that his brother should pay him five per cent of money collected for him from real estate, that thereafter during his brother's life the plaintiff collected the rents and paid them to his brother in full without deducting any commission, and did the same with the proceeds of a sale of land, that after the brother's death, the defendant, administrator with the will annexed of the brother's estate, called on the plaintiff for an account and the plaintiff presented one in which nothing was said as to commissions,

and the defendant did not know of the agreement between the brothers that commissions should be paid. *Held*, that on these facts a finding, that the plaintiff was not estopped from claiming and recovering the five per cent commission on rents collected and the proceeds of land sold, was justified. Payment by the plaintiff after making his contract of the full rent and of the whole proceeds of land sold did not necessarily import that there was not a counterclaim for the commission.

CONTRACT against the administrator with the will annexed of a deceased brother of the plaintiff, to recover a commission for collecting rents and taking charge of and selling real estate of which the plaintiff, the defendant's testator and others were tenants in common. Writ dated January 4, 1898.

In the Superior Court, the case was heard by *Mason*, C. J., without a jury, under an agreement that the particular facts stated by an auditor in his report and in the memorandum of testimony annexed to his report might be considered as an agreed statement of facts from which the judge might draw such inferences of fact as were warranted.

By the auditor's report it appeared, that on April 18, 1887, the plaintiff wrote the defendant's testator several letters to the effect that he should have to give up the charge of the property unless the defendant's testator would agree to pay him five per cent of money collected from real estate. On May 5, 1887, the defendant's testator wrote to the plaintiff, " We, my lawyer and I, have decided to accept your 5 % proposition, and not under any circumstances to sign a 'full power of attorney,' so I return ' power ' per this mail to Mr. Sherburne, unsigned. One reason why I would rather not sign P. of A. and give you 5 % is that it keeps the money in the family and it does not go into hands or rather pockets of strangers."

The transactions covered a period from January 6, 1886, to August 18, 1894, the date of the death of the plaintiff's brother. During that period the plaintiff at various times distributed the net balance of his collections without deducting any compensation for his services. After the death of the plaintiff's brother, and the defendant's appointment, the plaintiff at the request of the defendant stated an account of his collections and disbursements during the period above mentioned, and delivered it to the defendant, by whom it was examined and its contents discussed with the plaintiff, and thereupon the plaintiff paid the defendant

the sum of $209.96 in accordance with the account. In this account no deduction was made for the plaintiff's services, and nothing was said by the plaintiff to the defendant in relation to them; the correspondence in question was not mentioned by the plaintiff to the defendant, nor known to the defendant at that time. The plaintiff took a release from the defendant of "all claims and demands on account of the rents, profits or income of any real estate in Massachusetts which against said Thomas Cunningham the said William F. Cunningham had at the time of his decease." The auditor found that the plaintiff had waived his claim for compensation.

The defendant asked the judge to rule, "That upon all the evidence the plaintiff is estopped from maintaining this action."

The judge refused so to rule and found for the plaintiff in the sum of $973.89; and the defendant alleged exceptions.

*J. F. Lynch*, for the defendant.

*G. A. Blaney*, for the plaintiff.

HOLMES, C. J. This is an action of contract for commissions upon rent collected and sales of land belonging to the defendant's testator. The services were rendered upon a written contract and the amount of the charge is not disputed. The case is here upon the defendant's exception to the refusal of the Superior Court to rule that the plaintiff was estopped from maintaining this action, and that is the only question before us. The case was presented to the Superior Court upon an auditor's report and certain evidence to be taken as agreed facts with power to draw inferences, so that the question stated in a different form is whether we can say as matter of law that the Superior Court was wrong in finding that the plaintiff was not estopped.

The defendant is ancillary administrator, his intestate's executrix being the widow in England. It appears that the plaintiff had paid over the rent and the proceeds of one sale to the testator during his lifetime, without deduction, and being called on by the defendant for an account of rents received, presented one in which nothing was said as to commissions. The plaintiff's statement was accepted, he paid the money, and the defendant tendered releases of all claims for rent, reciting that the sums received were the sums due as the executrix's share of the rents, profits and income of the real estate upon an accounting

together. There were two accounts involved, and the plaintiff, professing to wish releases on separate papers, offered two to the defendant for signature, saying that they were substantially in the form drawn by the defendant, and the defendant executed them without noticing that the mention of an accounting together had been left out. Other land was sold through the plaintiff in the same month. Afterwards the plaintiff, who thus far had been purposely silent as to commissions, sent in his bill. The auditor found that the plaintiff had waived any claim for compensation, but the Superior Court found the other way.

It is manifest that the first inclination of a tribunal of fact would be to find for the defendant, as the auditor did. We shall not undertake to say that in all the facts of the case enough might not have been found to warrant that conclusion, although the consideration was executed and there was no release. See *Gingrass* v. *Iron Cliffs Co.* 48 Mich. 413 ; *Oil Co.* v. *Van Etten*, 107 U. S. 325. But whether that be so or not, we cannot say that the judge of the Superior Court was wrong. We cannot say that he was not warranted in finding that the defendant was at arm's length with the plaintiff, in finding that the defendant did not rely upon the plaintiff's statement as to the contents of the substituted releases and must be charged with knowledge of the altered form of the documents which he signed and probably read. Proceeding upon the same grounds, the judge might have found that the plaintiff, in the figures which he gave and in his silence as to a counterclaim, was standing on his rights as an adverse party dealing with people with whom his relations were avowedly unpleasant, that he was at liberty to present his claim when he chose, and that the defendant was entitled to assume nothing more than that the account was a true account of the plaintiff's receipts. The judge might have found that there was no reliance in fact upon the plaintiff's conduct other than that specifically mentioned and agreed to in the exceptions. For all that appears the defendant may have been chargeable with notice of his intestate's contract. It is to be observed that the largest items in the plaintiff's charge are commissions on sales, while the account and releases dealt only with rents. See further *Ryan* v. *Rand*, 6 Foster, 12. Payment of the full rent by the plaintiff after making his contract with the testator did

not necessarily import that there was not a counterclaim even in respect of that. *Moulton* v. *Mc Owen*, 103 Mass. 587, 598.

It is not argued that the judge was bound by the finding of the auditor, if that question were open on the exception. *Connolly* v. *Sullivan*, 173 Mass. 1. *Emerson* v. *Patch*, 129 Mass. 299. *Hamilton* v. *Boston Port & Seamen's Aid Society*, 126 Mass. 407. *Peru Steel & Iron Co.* v. *Whipple File & Steel Manuf. Co.* 109 Mass. 464, 466. Compare *Goodell* v. *Goodell*, 173 Mass. 140, 146.

*Exceptions overruled.*