ROSE SAVIN *vs.* HARRY BLOCK.

Suffolk.    November 12, 1936. — June 28, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Auditor: findings; Ordering verdict. *Negligence,* Gross, Motor vehicle, In use of way.

A conclusion by an auditor whose findings were not to be final, if it is the only proper conclusion to be drawn from his subsidiary findings, requires a finding in accordance with it by judge or jury in the absence of evidence at the trial warranting a contrary finding.

One who operated a defective automobile at night on a road which was wet and neither level nor straight, at a speed of fifty miles an hour and in disregard of a passenger's requests to go slower, was grossly negligent.

It was error to order a verdict for personal injuries in the amount assessed by an auditor whose findings were not to be final, where there was evidence at the trial warranting an assessment of some other amount.

TORT. Writ in the Municipal Court of the Roxbury District of the City of Boston dated January 16, 1935.

Upon removal to the Superior Court, the action was tried on an auditor's report and other evidence before *Morton,* J., who ordered a verdict for the plaintiff in the sum of $3,302 as assessed by the auditor. The defendant alleged exceptions.

The case was submitted on briefs.

*H. E. Cryan & E. P. Shaw,* for the defendant.

*C. A. McCarron & J. F. Dolan,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff while

riding as a guest in an automobile owned and operated by the defendant. In order to prevail, the plaintiff must prove that her injuries were caused by the gross negligence of the defendant. *Massaletti* v. *Fitzroy*, 228 Mass. 487. The case was heard by an auditor under Rule 88 of the Superior Court (1932). The auditor embodied in his report in substance these findings of fact: The accident occurred at about half past ten o'clock on an August evening in 1934, on a street in Newton in this Commonwealth. The plaintiff and the defendant had visited a park. When they started away the defendant was in an angry mood. The night was dark. It was raining hard. The road was wet. Upon reaching Commonwealth Avenue, which in that vicinity was neither level nor straight, the defendant drove at a high rate of speed. The plaintiff became alarmed and repeatedly asked the defendant to lessen his speed, which he did not do. The defendant approached an S curve without lessening his speed of "about fifty miles per hour. The automobile left the road, jumped a granite curbstone which it knocked out of place, struck a tree and tipped over, finally coming to rest facing in the direction from which it had come." The automobile "was an old machine, was defective as to brakes and there was a shimmy in the front wheel, which conditions were known to the defendant." The finding was that the defendant's conduct constituted gross negligence on his part, and that the plaintiff was not in any respect contributorily negligent.

The plaintiff sustained a gash on her head, a severe blow over her eye and contusions and abrasions in other parts of her body. She was confined to the hospital for sixteen days on account of these injuries and was obliged to be away from her work four and one half weeks. Following her discharge from the hospital, she developed a nervous condition which persisted until the hearing. This condition was found to be directly attributable to the injuries and nervous shock incident to the accident. There was a finding as to her wages, the cost of her hospital care, and her medical expenses. The finding as to damages was $3,302. In conformity to said Rule 88, the defendant filed his insistence

on a right to a trial by jury and reserved the right to introduce evidence other than the auditor's report upon specified issues.

At the trial before a judge and jury, the plaintiff introduced the auditor's report and rested. The defendant introduced the "evidence of witnesses, tending to show that the granite curbstone at the place where the accident occurred had been in the same condition before August 12, 1934, as it was on that date." The hospital record, which had been in evidence before the auditor, was also in evidence before the jury. A physician called as a witness by the defendant testified that he made one examination of the plaintiff at her home three and one half weeks after the accident. Without narrating this testimony in detail, it is enough to say that the extent of the injuries of the plaintiff as described by him show them to be slightly less severe than do the findings of the auditor. At the close of the evidence, the trial judge instructed the jury, subject to the exception of the defendant, to return a verdict for the plaintiff for $3,302, being the amount found by the auditor.

The findings of fact of an auditor are *prima facie* evidence upon such matters as are embraced in the order of reference. G. L. (Ter. Ed.) c. 221, § 56. When the report of an auditor "is the only evidence introduced, it cannot be disbelieved as may the uncontradicted evidence of a witness; it warrants and may even require a judgment in accordance with its conclusion. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 176. *Barrell* v. *Paine*, 236 Mass. 157, 162. *Lovell* v. *Commonwealth Thread Co.* 280 Mass. 243. An auditor's report, however, must be weighed like other evidence when a case is tried upon that report alone without other evidence. Circumstances and facts may be set forth in the report susceptible of supporting a different final conclusion from that reached by the auditor. Where facts appear on the face of the report warranting more than one inference, it is open to the trial judge or to the jury to draw whichever one appears the more reasonable. *Fisher* v. *Doe*, 204 Mass. 34, 41." *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 338. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 308.

*Blackington* v. *Johnson*, 126 Mass. 21, 23. *Emerson* v. *Patch*, 129 Mass. 299, 300. *Peaslee* v. *Ross*, 143 Mass. 275. *Livingston* v. *Hammond*, 162 Mass. 375, 376. *Anderson* v. *Metropolitan Stock Exchange*, 191 Mass. 117, 121.

The findings of the auditor touching the acts of the defendant in driving his automobile are explicit and minute. The final conclusion is unequivocal that his conduct was grossly negligent. There are no subsidiary findings at variance with that conclusion. The findings must be accepted as true. No one of the facts thus reported can be disregarded or blurred. These facts show that the actions of the defendant conform to the accepted definition of gross negligence as set forth in *Altman* v. *Aronson*, 231 Mass. 588, 591, 592. The findings of the auditor, therefore, establish the gross negligence of the defendant. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176. *Driscoll* v. *Northbridge*, 210 Mass. 151, 154. *Brooks* v. *Davis*, 294 Mass. 236, 237. The defendant introduced oral evidence as to the position of the curbstone before the accident. The meaning of that testimony is not wholly clear; but, however it may be interpreted, plainly it does not dull the edge of the essential features of the findings of the auditor, which establish gross negligence on the part of the defendant. There was no error in the direction of the general verdict for the plaintiff.

The finding of the auditor as to the damages sustained by the plaintiff rested upon events which were more or less uncertain, contingent, and matter of opinion. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *Story Parchment Co.* v. *Paterson Parchment Paper Co.* 282 U. S. 555, 563, 564. The testimony of the physician called by the defendant might have been found to warrant a conclusion of smaller damages than were found by the auditor. That branch of the case ought to have been submitted to the jury. On that branch of the case the exceptions must be sustained. The general verdict in favor of the plaintiff is to stand, but there must be a new trial on the question of damages alone. *Simmons* v. *Fish*, 210 Mass. 563.

*So ordered.*