ROBERT A. NUGER *vs.* BERTRAM ROBINSON. No. 91-P-254. May 22, 1992. *Evidence*, Cross-examination. *Practice, Civil*, Judicial discretion.

The issue on appeal in this contract action is whether the trial judge abused his discretion by limiting the scope of the plaintiff's cross-examination of the defendant to the specific subjects raised on direct examination.

Although it is true that a trial judge has broad discretion to keep cross-examination within reasonable bounds, the grounds for the judge's exclusions here were G. L. c. 233, § 22, and Proposed Mass.R.Evid. 611(b).[1] The judge ruled that the plaintiff had produced no evidence of damages in his case-in-chief and thus should not have been allowed to introduce this element during cross-examination of the defendant. The plaintiff was pro-

---

[1]General Laws c. 233, § 22, as amended by St. 1932, c. 97, reads as follows: "A party who calls the adverse party as a witness shall be allowed to cross-examine him. In case the adverse party is a corporation, an officer or agent thereof, so called as a witness, shall be deemed such an adverse party for the purposes of this section."

Proposed Mass.R.Evid. 611(b) reads as follows: "*Scope of cross-examination.* A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. In the interests of justice, the judge may limit cross-examination with respect to matters not testified to on direct examination."

hibited from going beyond the defendant's direct examination in any respect. This severely prejudiced the plaintiff by keeping from the jury any evidence regarding damages. This was error, and we reverse the judgment.

Massachusetts may at some point adopt the proposed rules of evidence, but it has not yet done so. In Massachusetts, it is well-established law that, when a proponent produces a witness, the opposing counsel may cross-examine the witness as to all relevant aspects of the case; this is true whether or not a particular aspect was elicited during direct examination. "[T]he adverse party has the right to cross-examine the witness upon all matters material to the issue. Experience has shown that this rule is convenient and easy of application in practice, and works no disadvantage to the party who produces a witness. On the other hand, a different rule, by making it necessary for the court, during the examination of a witness, constantly to determine what is or is not new matter upon which the opposite party has the right to put leading questions, leads to confusion and delay in the progress of trials." *Beal* v. *Nichols*, 2 Gray 262, 264 (1854). See *Blackington* v. *Johnson*, 126 Mass. 21, 23 (1878); *O'Connell* v. *Dow*, 182 Mass. 541, 546 (1903). See also Liacos, Massachusetts Evidence 66 (5th ed. 1981); *Commonwealth* v. *Taylor*, ante 570, 575 (1992).

In these circumstances, we conclude that there must be a new trial.

*Judgment reversed.*

*Edward J. Collins* for the plaintiff.
*John J. McCarthy* for the defendant.