HARRY L. BROWN *vs.* ISAAC F. WOODBURY & another.

Suffolk.    December 8, 1902. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Practice, Civil*, Election of remedy.    *Contract*, Rescission, Implied.

If a declaration contains two counts, one on a special contract, and the other on a *quantum meruit* based on a rescission of the contract, the plaintiff, although he cannot go to the jury on both counts, may be allowed at the close of the evidence to strike out one and proceed on the other.

One who contracts to serve as the manager of a hotel for a year in accordance with the terms of a special contract, if discharged without cause at the end of eight months and a half, may rescind the contract and recover from his employer the value of his services, as if the special contract had not existed.

One who contracts to serve as the manager of a hotel for a year for a certain compensation in addition to the board and lodging there of his father and mother, if discharged without cause at the end of eight months and a half, is not prevented by the fact of having received the benefit of the board and lodging of his father and mother during that time, from rescinding the contract and suing his employer on a *quantum meruit* for the value of his services in excess of the board and lodging, treated as part payment.

CONTRACT for an alleged breach of an oral contract to employ the plaintiff as manager of the hotel Westminster in Boston, from September 1, 1900, through August 31, 1901, with a second count on a *quantum meruit* for services as manager from September 1, 1900, to May 13, 1901.    Writ dated June 3, 1901.

In the Superior Court the case was tried before *Sheldon*, J. The counsel for the plaintiff, in his opening to the jury, said that he intended to rely on the second count, but should hold to the first if for any reason of law he could not rely on the second. The evidence on both sides tended to show that the defendants were lessees of the Westminster, and that they employed the plaintiff to act as manager of that hotel for the year beginning September 1, 1900, and ending August 31, 1901, the plaintiff to have the exclusive control and management of the hotel during the whole of the year, to set aside out of the net proceeds the sum of $66,000 for the payment of the rent and taxes, and out of any surplus, after paying the running expenses of the hotel and the $66,000 for rent and taxes, to receive all of the surplus

up to $2,000 and one half of all excess over $2,000. The defendants retained the right to lease or sell the hotel during the year upon paying the plaintiff $1,000. The father and mother of the plaintiff were to have board and rooms at the hotel without charge during the winter season, and did so. The plaintiff reserved the right to give a reasonable part of his time from May to September to looking after a summer hotel belonging to him at Islesborough, Maine.

It was testified by the plaintiff, but denied by the defendants, that if there should be no surplus over all expenses including the $66,000, it was understood and agreed that the plaintiff should receive $1,000 in payment for his services as manager. The plaintiff testified fully as to the character and extent of his services as manager of the hotel during the period in question, and that his services were worth $300 per month in addition to the board and lodging at the hotel of his father and mother. The plaintiff being about to offer expert testimony as to the value of his services as a hotel manager, the defendants admitted that $230 a month and the board of the plaintiff's father and mother was a fair charge for a manager of such a hotel in the absence of an express contract.

The plaintiff testified that the defendants discharged him in May, 1901, and that he knew at that time that the hotel would make no profits over the running expenses and the $66,000 for rent and taxes, during the year of his employment, beginning September 1, 1900, and ending August 31, 1901. The defendants contended, that they released the plaintiff from further performance of his contract and relieved him from the necessity of returning to Boston from time to time during the period from July to September 1, 1901, in which the plaintiff would be managing his summer hotel at Islesborough, that the plaintiff assented to such a termination of his services under the contract, and that the agreement was ended so far as it was ended by mutual consent. The plaintiff did not return to the hotel after the alleged discharge.

The parties agreed that there was no surplus over the $66,000 and that both knew at the time of the alleged breach that there would be none at the end of the plaintiff's term of employment on August 31, 1901.

At the close of the evidence the defendants requested the following rulings: 1. The plaintiff, not having waived the first count but having relied on it throughout the trial, cannot recover upon his second count, but must recover if at all upon his first count. 2. The plaintiff cannot now elect to waive the first count and rely only upon the second count.

The judge refused to give either of these rulings. He ruled that the plaintiff could not go to the jury on both counts, and allowed the plaintiff to strike his first count from the declaration, and to rely on his second count only.

The defendants also requested the judge to instruct the jury, that if the jury found a breach of the contract, the plaintiff was entitled to recover only such sum as would place him in the position in which he would have been had the contract been fulfilled. The judge refused to give this instruction. The jury returned a verdict for the plaintiff in the sum of $2,017.33; and the defendants alleged exceptions.

*W. A. Munroe,* (*A. H. Chamberlain* with him,) for the defendants.

*H. E. Bolles & E. A. Howes, Jr.,* for the plaintiff.

HAMMOND, J. 1. The declaration contained two counts, the first based upon an affirmance of the contract, the second upon a disaffirmance of it. At the close of the evidence the defendants asked for a ruling that the plaintiff not having waived the first count, but having relied on it throughout the trial, could not recover upon the second count, but could recover, if at all, only upon the first, and further that the plaintiff at that stage of the case could not elect to waive the first count and to rely only upon the second. The judge refused thus to rule, but having ruled that the plaintiff could not go to the jury on both counts, allowed him to strike out the first and to press his case on the second. The ruling was correct. *Mullaly* v. *Austin,* 97 Mass. 30, 33, *ad finem. Whiteside* v. *Brawley,* 152 Mass. 133, and cases cited. See also *National Granite Bank* v. *Tyndale,* 179 Mass. 390. *Linningdale* v. *Livingston,* 10 Johns. 36.

2. The instructions to the jury were also correct. Under these instructions the jury must have found that the special contract of employment was terminated by the defendants by the discharge of the plaintiff without cause and against his will,

whereby it was impossible for the plaintiff to perform the agreement on his part. The defendants not only broke the contract on their part, but they made it impossible for the plaintiff to perform his part. In such a case the innocent party may either sue upon the contract for damages for the breach, or, if he so elects, he may regard the action of the defendants as indicating a purpose on their part to repudiate the contract, may accept the repudiation, and recover upon a *quantum meruit* the value of his services, as if the special contract had not existed. For cases where this last rule has been applied in England, see *Planché* v. *Colburn*, 8 Bing. 14; *Goodman* v. *Pocock*, 15 Q. B. 576; and the authorities cited in the note to *Cutter* v. *Powell*, 2 Smith Lead. Cas. (9th Am. ed.) 1212, 1245, *et seq.*

Although in this country there appears to be a conflict on this question among the authorities, (see *Derby* v. *Johnson*, 21 Vt. 17, and *Doolittle* v. *McCullough*, 12 Ohio St. 360,) still, in this State the matter seems to have been covered by our previous decisions, in which the English rule is recognized and followed. *Fitzgerald* v. *Allen*, 128 Mass. 232. *Cook* v. *Gray*, 133 Mass. 106, 111. *Connolly* v. *Sullivan*, 173 Mass. 1.

The defendants further contend that the plaintiff, having received the benefit of the board of his father and mother for several months, cannot now avail himself of this rule. But this board was in part payment of the work done by the plaintiff, and whether the action be upon the contract or on *quantum meruit*, the plaintiff is equally entitled to it. Part payment in money would not bar the plaintiff from the action on *quantum meruit*, *Cook* v. *Gray* and *Connolly* v. *Sullivan*, *ubi supra*, and in principle part payment in board can have no different effect. In the opinion of a majority of the court the rulings were right.

*Exceptions overruled.*