NATHAN SUDHALTER *vs.* LOUIS OBERSTEIN.

Suffolk.    March 14, 1923. — March 31, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence,* Extrinsic affecting writing.

In an action of contract to recover rent, oral evidence is admissible to explain the meaning of a written instrument executed by the parties as follows: "We hereby agree to pay . . . [the plaintiff] 1000.00 for key of store, . . . — $200.00 on account and 100.00 up delivery of key.  Delivery of key on or before March 20, 1922."

Upon evidence tending to show that the $1,000 named in the instrument above described was to be paid as a bonus to obtain possession of the premises and the lease held by the plaintiff and that the defendant agreed that, if the plaintiff would pay to the lessor the rent for a certain month, he, the defendant, upon taking possession on the eighth of that month, would reimburse the plaintiff for the amount of twenty-one days' rent, a verdict for the plaintiff was warranted.

CONTRACT to recover $135.45 for rent for twenty-one days of a store at number 2,129 Washington Street in Boston.    Writ in the Municipal Court of the City of Boston dated April 12, 1922.

The declaration was in three counts, the first count being upon an account annexed for rent, the second count for use and occupation of the premises and the third count for money paid to and for the use of the defendant at his request.

At the trial in the Municipal Court, the evidence was undisputed that, previous to February 28, 1922, the plaintiff and the defendant were negotiating for the purchase by the defendant of a lease held by the plaintiff on the premises, which then had several years to run.    The record states "that on February 28, the parties came to an agreement and executed a written instrument as follows: —

"We hereby agree to pay N. Sudhalter 1000.00 for key of store 2129 Washington Street, — $200.00 on account and 100.00 up delivery of key.  Delivery of key on or before March 20, 1922.  [Signed] Nathan Sudhalter.

"The plaintiff offered evidence as to what the written agreement

really meant. The defendant objected on the ground that oral testimony could not be introduced to vary the terms of a written instrument. The plaintiff contended that it was not offered to vary the terms but to explain the ambiguity. The judge admitted the testimony, subject to the exception of the defendant. The plaintiff testified that the agreement to pay $1,000 for the key to the premises was a bonus to be paid by the defendant to the plaintiff for the plaintiff's lease, and that the defendant agreed to pay rent from the day he took possession; that the rent was payable in advance and that on February 28 the defendant asked the plaintiff to pay the rent for March, and that the defendant would reimburse the plaintiff for the rent from the time he took possession. Both parties agreed that the defendant obtained possession March 8. The defendant denied on direct examination that anything was said about apportioning the rent. On cross-examination the defendant admitted that the $1,000 paid by him to the plaintiff was simply a bonus to obtain possession of the premises and the lease held by the plaintiff.

"The landlord testified that the plaintiff and the defendant came to see him about the plaintiff surrendering his lease and the giving of a new lease to the defendant. This he agreed to do and did. He said it was early in February, before the February rent had been paid. He asked the parties who was to pay him the rent. He said Sudhalter said that he, Sudhalter, would pay the February rent, and that Oberstein would pay the March rent. This was in the presence of Oberstein and that the latter made no objection.

"On cross-examination the witness said it might have been March 1 they called."

At the close of the evidence, the defendant requested the judge to rule as follows:

"1. That upon all the evidence the plaintiff is not entitled to recover.

"2. That parol evidence is not admissible to vary the terms of a written agreement.

"3. If the evidence shows that the plaintiff and the defendant made the written agreement set forth in the defendant's answer, the plaintiff cannot offer parol evidence to change, contradict or vary the terms of said contract.

"4. That by the terms of said agreement, the plaintiff was

entitled to a payment of $1,000 and upon the payment of the $1,000 to him, he was bound to deliver to the defendant the key and possession of the store in question on or before March 20, 1922, without any further compensation.

"5. The evidence being that the plaintiff received $1,000 from the defendant, the plaintiff is not entitled to recover.

"6. The rule that an agreement in writing cannot be varied or contradicted by oral testimony as to the negotiations previous to making of the contract in writing is not a new rule of evidence; but is one of substantive law and rests on the principle that, where the parties deliberately have put their agreement in writing, they shall not be allowed to say that the agreement is different from that which the writing states, and, even if parol evidence is admitted without objection that there also was an oral agreement which would impose on the defendant a greater burden than that imposed by the contract, such evidence can have no effect to change the terms of the within contract."

The judge granted requests 2 and 6 but denied requests 1, 3, 4 and 5, found for the plaintiff, and at the request of the defendant reported the action to the Appellate Division who dismissed the report. The defendant appealed.

*M. H. Steuer,* for the defendant.

*A. G. Gould & T. M. Vinson,* for the plaintiff, submitted a brief.

RUGG, C. J. This is an action of contract to recover rent. It was undisputed that the parties were in negotiation for the purchase by the defendant of a lease of a store held by the plaintiff. The report states that the parties "executed a written instrument as follows: — 'We hereby agree to pay N. Sudhalter 1000.00 for key of store 2129 Washington Street, — $200.00 on account and 100.00 up delivery of key. Delivery of key on or before March 20, 1922. (Signed) Nathan Sudhalter.'" This instrument, as printed in the record, is signed by the plaintiff and not by the defendant. Assuming, however, that both parties executed the instrument, there was no error in admitting oral evidence as to its meaning. Plainly it was ambiguous and required explanation. *Whittier Machine Co.* v. *Graffam,* 156 Mass. 415. *Jennings* v. *Puffer,* 203 Mass. 534. *Linton* v. *Noonan,* 238 Mass. 31, 40.

The present action is not brought on the written instrument

but on an independent and different agreement to pay rent. *Durkin* v. *Cobleigh*, 156 Mass. 108. *Keith* v. *Radway*, 221 Mass. 515. There was ample evidence to support the finding for the plaintiff. The defendant's requests for rulings, so far as not granted, were denied rightly.

*Order dismissing report affirmed.*