JAMES H. WILLIAMS *vs.* PITTSFIELD LIME & STONE
COMPANY.

Berkshire.  September 21, 1926. — January 3, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Relevancy, Extrinsic affecting writings, Presumptions and
burden of proof.  *Frauds, Statute of.  Practice, Civil,* Conduct of trial,
Election between counts, Exceptions.

A declaration in an action of contract set out an agreement by the de-
fendant to employ the plaintiff "for a period of not less than one year."
The defendant in his answer relied on the statute of frauds.  At the
trial there was evidence that, four days after an interview on March 1,
the defendant had written a letter to the plaintiff, stating that the letter
would "answer for a memorandum confirming our previous conver-
sation," and setting out in detail the terms of employment to begin
on April 15, or not later than May 1, but not stating the time during
which the employment was to continue.  On cross-examination and
subject to his exception, the plaintiff testified that, at his interview with
the defendant, they arrived at an oral agreement, one of the terms of
which was that the employment was to last at least one year beginning
not earlier than April 1.  The plaintiff replied to the letter accepting its
terms.  The judge ordered a verdict for the defendant.  *Held,* that
  (1) The testimony of the plaintiff on cross-examination was com-
petent because it tended to prove the allegation of the declaration that
the employment was to be "for a period of not less than one year";
  (2) It could not have been ruled as a matter of law that the letter
of the defendant and the reply of the plaintiff thereto constituted a
complete contract in writing in view of all the evidence;
  (3) It was permissible to show by oral testimony that the letters did
not contain all the stipulations made by the parties in the oral contract
and, therefore, did not constitute such a memorandum as would satisfy
the statute of frauds;
  (4) Since the fact, that the contract by agreement of the parties
was to continue in force not less than one year from a future date, was
brought out in the testimony of the plaintiff himself, he was bound by
it, and it was not necessary to submit that question to the jury;
  (5) The statute of frauds barred recovery by the plaintiff.
The declaration in an action of contract contained two counts, the first on
an alleged express contract to employ the plaintiff "for a period of
not less than one year," and the second upon an account annexed for
salary for four months.  There was no allegation that the two counts
were for the same cause of action.  At the close of the plaintiff's
evidence, on motion by the defendant, the judge ordered the plaintiff

to elect on which of the counts he relied, and refused to give a reason for his ruling. The plaintiff excepted to the judge's ruling and elected to proceed upon the first count. A verdict was ordered for the defendant because the contract was subject to the statute of frauds and the provisions of the statute were not satisfied. *Held,* that

(1) There was no error in the order to elect: if the counts were for the same cause of action, the plaintiff might have relied on either count; while, if they were to be treated as for different causes of action, the plaintiff might have elected to proceed upon the second count;

(2) While the judge could not have been required to make a ruling requiring the plaintiff to elect between counts until all the evidence on both sides was closed, correct practice does not render invalid such ruling made at the close of the plaintiff's case;

(3) There was no error in the refusal by the trial judge to give reasons for his ruling requiring the plaintiff to elect between the two counts.

CONTRACT, with a declaration described in the opinion. Writ dated August 15, 1923.

In the Superior Court, the action was tried before *Burns,* J. The letter from the defendant to the plaintiff, which is referred to in the opinion, was in part as follows:

"Confirming our verbal conversation when in our office last Thursday, March 1st, will say that we anticipate starting our construction work at our Pittsfield plant about April 15th, or not later than May 1st, and will be glad to have you join our operating forces at that time, it being understood that on this construction work you will be able to take charge under the direction of our engineers, Richard K. Meade & Co., who have already made plans and specifications. As explained to you, the remuneration for your services will be on a monthly basis of $350 a month, payable monthly or semi-monthly, as you prefer. In addition to construction work, we of course would want our arrangement to be mutually satisfactory. Doubtless you would find yourself lined up with other important departments of this business as soon as you were well acquainted with it. It might become necessary to have your assistance in the sales capacity to certain points along the line of the Boston & Albany Railroad east of Pittsfield, as this is a good market for us, and unless other satisfactory arrangements are made it would seem advisable that this territory be taken care of from Pittsfield.

"We cannot very well enumerate the various avenues of work that might come before us, that would have to be more or less mutually understood, with the ultimate end in view, success of the business.

"The foregoing will answer for a memorandum confirming our previous conversation, and we will look forward with pleasure to your coöperation on the date above mentioned."

Other material evidence and proceedings at the trial are described in the opinion. The jury found for the plaintiff in the sum of $1,396.91, and, upon the return but before the recording of the verdict, the judge reserved leave under G. L. c. 231, § 120, to order a verdict for the defendant, and later such verdict was ordered. Both the plaintiff and the defendant alleged exceptions.

*F. M. Myers,* (*F. H. Cande* with him,) for the plaintiff.

*J. M. Rosenthal,* (*J. B. Cummings* with him,) for the defendant.

RUGG, C.J. This is an action of contract. The declaration is in two counts. In the first count it is alleged that the defendant on or about March 1, 1923, by contract agreed to employ the plaintiff as superintendent of construction work "for a period of not less than one year and until said construction work was completed," beginning not later than May 1, 1923, at a monthly salary of $350; that the plaintiff has performed his part of the contract, and the defendant has neglected to perform his part thereof, whereby he owes the plaintiff $1,400. The second count is upon an account annexed, wherein the same amount is claimed as salary for the months of May, June, July and August, 1923. The defendant pleaded among other matters that the contract was not to be performed within one year after the making thereof, and was not in writing nor any note or memorandum thereof signed by the defendant.

The plaintiff testified to an interview between himself and the president of the defendant on March 1, 1923, which, a few days later on March 5, 1923, was followed by a letter addressed to the plaintiff and signed by the defendant, closing with the statement that the "foregoing will answer for a memorandum confirming our previous conversation," and

that the plaintiff on March 13, 1923, sent a letter accepting the terms of the defendant's letter. The body of the letter of the defendant to the plaintiff set forth in sufficient detail terms of an employment to begin on April 15, 1923, or not later than May 1, 1923, but it did not state the time during which the employment was to continue. On cross-examination and subject to his own exception, the plaintiff testified that at his interview with the president of the defendant on March 1, 1923, the two arrived at an oral agreement and that one of its terms was that the employment was to last at least one year beginning not earlier than the first of April, 1923.

This evidence was competent on cross-examination of the plaintiff. It tended to prove the allegations of the first count of the declaration. It could not have been ruled as matter of law that the letter of the defendant and the reply of the plaintiff thereto constituted a complete contract in writing in view of all the evidence. It was described in the defendant's letter as a "memorandum." It is permissible to show by oral testimony that a memorandum of agreement does not contain all the stipulations made by the parties in the oral contract, and therefore is not such a memorandum as will satisfy the statute of frauds. *Boardman* v. *Spooner*, 13 Allen, 353, 358. *Dutton* v. *Bennett,* 256 Mass. 397, 403. *Fisher* v. *Andrews,* 94 Md. 46. *O'Donnell* v. *Daily News Co. of Minneapolis,* 119 Minn. 378. *Polucek* v. *Jahoda,* 203 App. Div. (N. Y.) 38. It frequently has been held that an independent and collateral element of a contract may be shown by parol evidence, even though the rest of the contract is in writing. *Durkin* v. *Cobleigh,* 156 Mass. 108. *Thomas* v. *Barnes,* 156 Mass. 581. *McCusker* v. *Geiger,* 195 Mass. 46, 53. *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1, 5. *Sudhalter* v. *Oberstein,* 244 Mass. 442. These principles are settled and govern the narrow class of cases to which they are applicable, notwithstanding the general rule that, when the parties have reduced their contract to writing, all previous or contemporaneous oral or written negotiations are merged in it and its terms cannot be varied, contradicted, added to, or subtracted from by

oral testimony touching such negotiations. *Jennings* v. *Puffer*, 203 Mass. 534. *Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *National Wholesale Grocery Co. Inc.* v. *Mann*, 251 Mass. 238, 244.

Since the fact that the contract by agreement of the parties was to continue in force not less than one year from a future date was brought out in the testimony of the plaintiff himself, he was bound by it. It was not a fact in dispute to be submitted to the jury. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. *Will* v. *Boston Elevated Railway*, 247 Mass. 250, 251. It showed that the contract actually made between the parties was not to be and could not be performed within one year from the time it was made. That element of the agreement was not in the letter of either the defendant or the plaintiff. That part of the contract was not in writing, nor was any note or memorandum of it in writing. The plaintiff therefore was barred of recovery on that contract by the statute of frauds. G. L. c. 259, § 1, cl. 5. *Hill* v. *Hooper*, 1 Gray, 131. *DeMontague* v. *Bacharach*, 187 Mass. 128, 134. The numerous cases like *Bolton* v. *Van Heusen*, 249 Mass. 503, 506, and *Rowland* v. *Hackel*, 243 Mass. 160, 162, and authorities collected in each decision, where contracts which may be performed within a year although they may also extend beyond that period, have been held not within this clause of the statute of frauds, are inapplicable to the facts of the present case.

There was evidence which in its aspects most favorable to the plaintiff would have warranted a finding that the plaintiff reported at the place and within the time fixed by the agreement ready and willing to perform his service of employment, but was told by an agent of the defendant that there was no work for him to do, and that he continued to hold himself in readiness to work under the contract, and that he received no pay from the defendant, and that the only work actually done by him was to make a single trip from Pittsfield to Springfield; that a relative of the plaintiff in June or July, 1923, asked the president of the defendant about the plaintiff's salary and was told "something to the effect that he would attend to it right away." There was

other evidence which need not be recited. At the close of the plaintiff's case and before the defendant rested, the trial judge on motion of the defendant directed the plaintiff to elect on which of the two counts in the declaration he relied, and refused to give any reasons therefor, all subject to the plaintiff's exception.

It was not stated in the declaration whether both counts were for the same or for different causes of action. If both counts were for the same cause of action, manifestly the circumstances were such that the plaintiff was not injured by being required to elect the count upon which he would rely. If both counts were for the same cause of action, he could recover upon the first as well as upon the second count.

The plaintiff, having made a contract to render personal services to the defendant, unenforceable under the statute of frauds because not in writing and not capable of performance within one year, might have chosen to treat the agreement as abandoned by the conduct of the defendant and to hold the defendant liable on an implied contract for the fair value of the services rendered. *Kelley* v. *Thompson,* 181 Mass. 122, and cases there collected. *Rosen, petitioner,* 236 Mass. 321, 325. *Kemp* v. *Kemp,* 248 Mass. 354, 358. *Scott* v. *Pattison,* [1923,] 2 K. B. 723, 727, 728. The second count of his declaration as matter of pleading would have permitted recovery on that theory. These circumstances render applicable the statement of Knowlton, J., in *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472, 473: "Where the declaration contains two counts stating different grounds for recovery for the same cause of action, it is ordinarily in the discretion of the presiding justice to determine whether the plaintiff shall elect between them or be permitted to go to the jury on both." If the two counts be treated as stating separate causes of action, then there becomes applicable the statement of Hammond, J., in *Brown* v. *Woodbury,* 183 Mass. 279, 281: "The declaration contained two counts, the first based upon an affirmance of the contract, the second upon a disaffirmance. . . . The judge . . . having ruled that the plaintiff could not go to the jury on both counts, allowed him to strike out the first and to press his case on

the second.   The ruling was correct.   *Mullaly* v. *Austin*, 97 Mass. 30, 33, *ad finem.   Whiteside* v. *Brawley*, 152 Mass. 133, and cases cited."   *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107.   Cases like *Beauregard* v. *Webb Granite & Construction Co.* 160 Mass. 201, and *Reid* v. *Miller*, 205 Mass. 80, 85, upon which the plaintiff relies, are not controlling in the circumstances here disclosed.

While the judge could not have been required by a party to make a ruling requiring the plaintiff to elect between counts until all the evidence on both sides was closed, correct practice does not render invalid such ruling made at the close of the plaintiff's case.   Such procedure may be in the interest of just expedition and not inimical to any rights of either party.

There was no error in the refusal by the trial judge to give reasons for his ruling requiring the plaintiff to elect between his two counts.   A judge commonly cannot be compelled to state the reasons for any ruling given or request for ruling refused, any more than he can be required to make findings of fact.   *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 494, 495.   Moreover, even if reasons are given by a judge for a ruling or a refusal to rule, the rights of the parties are not limited by such reasons.   A right ruling will be upheld although the reasons given by the trial judge are wrong. *Boyd, petitioner*, 199 Mass. 262, 264.   *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384.   *Noyes* v. *Caldwell*, 216 Mass. 525, 527.

In view of the state of the evidence when the defendant rested, the trial judge rightly directed a verdict in its favor. The contract on which the plaintiff elected to go to the jury could not be enforced because of the statute of frauds, as already pointed out.

It follows from what has been said that no error is revealed on the plaintiff's exceptions.   The defendant has expressly waived its exceptions if those of the plaintiff are overruled.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*