Rowe, J.
This is an action of tort for conversion of an automobile, the plaintiff claiming that he has a standing because as he asserts, the title is in himself. That assertion raises the question in this case. The plaintiff is a minor, but his counsel at the argument, stated that he did not claim any additional rights because of that fact.
The defendant’s seventh request was “that there is no evidence in this case that the legal title to the Ford automo *506 bile was in the plaintiff.” If the trial judge should have granted this request his subsequent finding for the plaintiff was erroneous. We think error was committed in not granting the request.
Viewed as most favorable to the plaintiff the facts are as follows: the plaintiff paid to the Stoughton Motor Mart in two different payments, the full purchase price of the automobile in question. The plaintiff testified that he told one Bulmira Andrade to sign up for the car and that with his knowledge and at his direction a bill of sale was made out to Bulmira Andrade, that the reason for doing this was because he was under age. A copy of a conditional bill of sale appears in the report in which Bulmira Andrade appears as conditional vendee, with the usual rights and obligations of such vendee. The car was registered in her name and the plaintiff paid the registration fee for that year. The defendant later purchased the car from Bulmira Andrade. It is admitted that the defendant was a purchaser in good faith, for value and without notice of any claim of the plaintiff. The plaintiff seeks to recover from the defendant the value of the ear it thus purchased as having converted it as against the plaintiff as alleged owner.
On the facts so far the plaintiff would have no standing in this action. He paid the full purchase price on the car but the contract rights and obligations of the conditional vendee were those of Bulmira Andrade and not those of the plaintiff, and with the plaintiff’s knowledge, the legal title to the car passed from the vendor to her and not to the plaintiff. The details of the transaction and his motive in having it done as he did were brought out in the testimony of the plaintiff himself and he was bound by it and there was no act which could be left open as a disputed question of fact. Williams v. Pittsfield Lime and Stone Co., 258 Mass. 65, 69. Succinctly stated, the plain *507 tiff in effect testified that lie caused the legal title to he placed in Bulmira Andrade and by that testimony he is bound. He must therefore stand whatever legal consequences flowed from having the legal title changed from the Stoughton Motor Mart to Bulmira Andrade.
Besides transfer of the title there was the registration of the car in the name of Bulmira Andrade and the plaintiff paying the registration fee therefor. If the plaintiff was concerned in registering a car in the name of one who was not the owner he would be concerned in a criminal act. Legality of registration is to be presumed in the first instance and the plaintiff here would have the burden of proof if he contended the registration was illegal. There was no evidence to overcome the presumption. Conroy v. Mather, 217 Mass. 91, 95.
But the plaintiff argues that it further appears that he, prior to the present case, had obtained a judgment against Bulmira Andrade for converting the car. The short answer to that question is that the record does not show for what that judgment was obtained except as to the amount of the finding. But even if it was for converting the car as argued by the plaintiff, he would be no better off. That judgment did not make it res judicata that at the date of that conversion suit the plaintiff had title to the car as against Bulmira Andrade. A wrongful interference with possession, without title being involved would have been a justification for a plaintiff’s finding in that case. 65 C. J. 12. The plaintiff has argued the question concerning that case as to whether an unsatisfied judgment for conversion transfers title. Such question is not germane to the problem before us.
Any claims of the plaintiff that he had had any rights in the automobile as against Bulmira Andrade because he had paid the full purchase price would have been a sub *508 ject of equity jurisdiction relative to enforcing a constructive or resulting trust, as such, trusts are the subject of equity jurisdiction where personalty is involved as well as when real estate is involved. Locke v. O. C. Trust Co., 289 Mass. 245, 252.
The plaintiff caused the legal title to the automobile to be placed in Bulmira Andrade with her agreement and that of the seller, and the defendant became an innocent purchaser from her. The trial judge erred in not granting the defendant’s seventh request to the effect that there was no evidence of title in the plaintiff.
Judgment for the defendant.