Bolster, C. J.
Before the transaction hereafter described, the plaintiff had become indebted to the defendant, an at *404 torney-at-law, in the sum of $920 for legal services. In Au-gust 1937, the plaintiff authorized the defendant to settle a claim then in the defendant’s hands as the plaintiff’s attor-ney, for $3500, and it was agreed that the defendant should retain out of that amount the sum of $500 as a fee for his services, and should remit the balance of $3000 to the brother. The defendant, after collection and the of a release of the claim signed by the plaintiff, paid over only $2400, assuming to retain the $500 agreed upon in relation to the settlement, and also $600 for earlier legal services. The plaintiff now sues for $1100 and interest thereon at five times the legal rate, under Gen. Laws, Ch. 221, sec. 51. The defendant filed a declaration in set-off claiming $1420 for legal services, which comprises the sums of $500 and $600 above referred to, and another sum of $320 found due. The judge gave the plaintiff his $500 fee, saying that it had been earned and that he could keep it, held him accountable for the $600 withheld and interest at the statutory rate from the date of demand, and found for the plaintiff in set-off for $920.
These questions appear to be involved:—
1. Did the attorney, by the breach of his contract to re-mit $3000 forfeit his claim to the agreed fee of $500?
2. Is the case within the statute cited?
3. Has the defendant, by his breach of contract, lost, in whole or part, his right to have a judgment in set-off for his fees ?
As to the first point, it seems plain that the fiduciary rela-tion of the parties still existed at the time of breach. Hill v. Hall, 191 Mass. 253. The defendant’s undertaking was to collect, and remit $3000. He was not promised $500 for collection and partial remittance. Even if the parties dealt at arm’s length, a wilful breach will bar a suit for the price promised for full and literal performance, and even for *405 benefit received, cf. Allen v. Burns, 201 Mass. 74. Glazer v. Schwarts, 276 Mass. 54. A fortiori the rule should be no more favorable to an attorney who breaks faith with his client, cf. 2 Mechem, Agency, § 2252. Non constat that the client would have consented to settle and release on terms other than those specifically stipulated. The decision here gives the full agreed price for doing less than was agreed. That cannot stand, cf. Connolly v. Sullivan, 173 Mass. 1, 5. There are no facts upon which to base a finding for incomplete performance, even if it were recoverable. We are of opinion that the attorney has lost his reward of $500.
2. The statute cited calls for unreasonable withholding. Not every breach of a contract amounts to that. We assume that the plaintiff could collect for that breach of a special contract such resulting damages as he can prove. If there were no such contract, and a lawyer withheld money collected for a client for the reason that the client owed him a larger sum, that would not be an unreasonable withholding even though the lawyer had no lien on the money, and though the rule is that mutual debts do not cancel each other. The vital question then is whether the fact of a contract not to withhold makes actual withholding unreasonable within the meaning of the statute, and, while the case is not wholly free from doubt, and there is a lack of precedent, we are of opinion that the statute applies, but only as to the $600 which the contract not to withhold embraced by necessary implication.
3. The plaintiff contends that by his agreement to remit $3000 the defendant gave up his claim for past legal services. That was not the agreement made. What the defendant did was to surrender any right to satisfy his existing debt out of that particular fund. It does not follow that when later sued he cannot have a set-off.
We have the facts before us to make a final disposition of the case. Gen. Laws, Ch. 231, § 125. The plaintiff should *406 have judgment for the $500, the $600, and for interest in the sum of $105 as found by the trial judge, and the defendant, as plaintiff in set-off, should have judgment in the sum of $920. The ultimate result will not be changed by omitting the $600 from both sides of the account. Gen. Laws, Gh. 232, § 11.
So ordered.