UNITED STATES of America For the
Use and Benefit of HARKOL, Inc.

v.

AMERICO CONSTRUCTION CO., Inc.,
et al.

Civ. A. No. 57-525.

United States District Court
D. Massachusetts.

Dec. 5, 1958.

Joseph M. Corwin, Boston, Mass., for plaintiff.

Alfonso M. D'Apuzzo, Medford, Mass., for Americo Const. Co.

Dever & Proctor, Edward O. Proctor, Boston, Mass., for Aetna Cas. Co.

ALDRICH, District Judge.

This is an action under section 2 of the Miller Act, 40 U.S.C.A. § 270b, by a subcontractor against the contractor and its surety. The defendants move for partial summary judgment. At first glance the record is somewhat murky, but on examination it is possible to see to the bottom, and to discover that the apparent obstructions are not real issues of fact. Defendants' motion is directed to that part of the claim in which plaintiff seeks to recover on a quantum meruit, or more specifically, on a theory of quantum meruit which would permit it to obtain substantially more than the contract price for doing no more than the contract work. The roil, in my opinion, is simply the result of plaintiff's struggle to bring the case within a theory of recovery in which it does not belong.

The subcontract was entered into in June, 1955. As the work advanced, difficulties arose over the progress payments, to the extent that in September, 1956 the defendant contractor allegedly was so far in arrears that plaintiff stated it could not proceed. An oral arrangement was then allegedly entered into whereby on the contractor's agreement to make the payments on completion plaintiff undertook to finish the job. On February 18, 1957, its counsel wrote the contractor that all work had been

finished, and that payment was due. Payment not having been received, on March 11 he wrote a similar letter to the bonding company. In May plaintiff brought suit for the balance of the contractual amount due, plus extras, and adding claims for interest on the delayed progress payments and for damages for defendant's alleged interference with the work. Thereafter it sought by amendment to recover, alternatively, on a quantum meruit for the entire work on the theory set forth in the first paragraph of this opinion.

Accompanying defendants' motion for summary judgment is an affidavit stating that the job had been completed by the plaintiff, except for a few minor items and for items which the contractor performed on plaintiff's behalf, and had been accepted by the government. Also attached are copies of counsel's letters of February 18 and March 11. Plaintiff's affidavits in reply state that these letters were written without full knowledge of the facts, and that defendant's failure to make the progress payments had made it "impossible to continue its work * * *" There was no denial of the assertion that the work, nevertheless, had been substantially completed by the plaintiff, and on the contrary, plaintiff filed a brief which so stated. I accordingly came to the hearing wondering whether I had accompanied Alice Through the Looking Glass.

This feeling was not dispelled by the argument. Plaintiff stated that it would have been entitled to stop work in September, 1956 because of the contractor's "prevention" of performance and sue in quantum meruit, without limitation by the contract price, citing, for example, Connolly v. Sullivan, 173 Mass. 1, 53 N.E. 143, and United States for Use of Susi Contracting Co. v. Zara Contracting Co., 2 Cir., 146 F.2d 606, and that it did not lose this right by going ahead. I asked how, if it was able to go ahead, it had in fact been "prevented." Plain-

tiff replied that its rights were "committed" in September. I asked why, at the least, resumption of work was not a waiver of any breach. Counsel replied that on behalf of plaintiff he had made an oral "non-waiver" agreement. I asked why, then, he had written the letter of March 11. He replied that when he wrote it he was "confused."

The confusion in this case results solely, in my opinion, from plaintiff's study of the law between March, 1957, and the time it sought, by filing an amendment to its complaint, to recover in quantum meruit. It is true that when one party to a contract acts in total breach of his obligation the other may cease performance, and rather than sue for damages, i. e., his outlay to the date of the breach plus lost profits, United States v. Behan, 110 U.S. 338, 344–346, 4 S.Ct. 81, 28 L.Ed. 168; Bucholz v. Green Bros. Co., 272 Mass. 49, 172 N.E. 101, he may "rescind," and seek to restore the status quo, in which case recovery may be measured by the value of the services not limited by the contract price. Connolly v. Sullivan, supra; United States for Use of Susi Contracting Co. v. Zara Contracting Co., supra; 5 Williston on Contracts, Rev. Ed., § 1485. It may be difficult to see here how a person who can and does complete performance can say he was "prevented" from performing, but I will assume in plaintiff's favor that defendant contractor's breach was such that plaintiff would have been justified in treating it as total. However, it did not abandon performance, nor did it enter into a new contract or implied contract for the fair value of its services as the price of not treating defendant's breach as total. Cf. Continental Casualty Co. v. Schaefer, 9 Cir., 173 F.2d 5, 7, 8, certiorari denied 337 U.S. 940, 69 S.Ct. 1517, 93 L.Ed. 1745; 338 U.S. 820, 70 S.Ct. 63, 94 L.Ed. 497; rehearing denied, 338 U.S. 840, 70 S.Ct. 35, 94 L.Ed. 514.[1] Even after the job was completed

---

1. Strictly, on the record there is no evidence that any new, or even repeated promise was made by the contractor in September, 1956. But if I accept plaintiff's counsel's oral statement at the argument as to the oral agreement he

plaintiff recognized the contract, and sought payment thereunder. It is too late now to say that its rights were "committed" on a different basis in September. The motion for summary judgment for defendant on paragraph 7 of the amended complaint is granted.

allegedly made, it was only that the contractor would pay immediately on completion what was due on the contract. Although it is not entirely clear to me as of which date quantum meruit is now sought, September, 1956, or February, 1957, plaintiff cannot, for breach of such agreement, recover now on quantum meruit as to either.