*Northern District*
No. 6410

## PHILIP D. EPSTEIN

v.

## BOLEY'S PAINTING & DECORATING, INC. ET AL

Argued: March 29, 1967 Decided: May 23, 1967

*Present:* Connolly, J. (Presiding), Parker, Yesley, J.J.

·CONNOLLY, J. *The contract in this case involved painting and papering* in the plaintiff's home. It is alleged to have been breached for the reasons that:

(1) The defendant did not complete all the work required under the contract.

(2) The work the defendant did complete was performed in an unworkmanlike manner.

Before the introduction of evidence, the trial judge took a view of the premises involved.

At the close of the evidence, the plaintiff filed the following requests for rulings:

(1) Upon all the evidence, the court is warranted

in finding for the plaintiff and against the defendant.

(2) Upon all the evidence, the Court is warranted in finding that failure to perform the part of the contract that the defendant failed to perform was a material part of the contract.

(3) The fact that the material part of the contract failed, then the plaintiff has the right to rescind the contract on the ground of failure of consideration as the failure of consideration amounts to an abrogation of the contract and goes to its essence and takes away the contract's foundation. *DeAngelis* v. *Palladino*, 318 Mass. 251, 257.

(4) Upon all the evidence, the court is warranted in finding that there was such a material breach of the contract that the plaintiff received no benefit therefrom.

(5) The plaintiff has the right to disregard the contract and claim restoration of consideration because the plaintiff received no benefit from the contract. *Plumer* v. *Houghton and Dutton Company*, 281 Mass. 173; *United States for Use and Benefit of Harkoll, Inc.* v. *Americo Construction Company*, 168 F. Supp. 760.

There was evidence to support the findings of fact of the trial judge. They follow:

"The defendant corporation is and has been since 1955 in the business of painting, interior decorating, wall papering, and work of a similar nature with a principal place of business in the city of Salem. One Boley Wojtaszek, hereinafter referred to as Boley, is the sole owner and president of said corporation and is and was its duly authorized agent with respect to all its business transactions.

"Late in December 1964 and early January 1965, there were negotiations between the

plaintiff and his wife on the one hand and Boley on the other whereby an agreement made between the plaintiff and the defendant corporation that the defendant, through its agents, servants, or employees was to make certain repairs and improvements to the interior of the plaintiff's dwelling place, a single family residence located at 1 Homestead Road in the town of Marblehead. The work to be done consisted of ceiling repairs, wall papering, painting, and varnishing in various parts of the home, for a price of $1,550.00.

"The defendant's servants, agents, or employees did the work agreed upon in the month of January 1965 and payment in full was made subsequently, the final payment being made on or about February 26, 1965.

"Following this, various defects appeared in the work performed by the defendant's agents, servants, or employees. Subsequently, the defendant's employees returned to the premises and attempted to correct the defects but did not succeed in completely doing so.

"There was no competent evidence presented at the trial as to the amount of money which would be required to correct the said defective work.

"Therefore, the question to be determined by the Court is whether or not the defects

in the work performed by defendant's employees were so gross a breach of the contract so as to entitle the plaintiff to rescind the contract and recover the entire consideration, $1,550.00 which he had paid presented and upon the view of the prem- to the defendant. Based upon the evidence ises taken by the court prior to the trial, I find that this was not the case.

"Therefore, the court finds for the plain- tiff and awards nominal damages of one dollar.

"I rule on the plaintiff's requests for rulings, as follows:

1. Allowed
2. Allowed - However, see findings.
3. Denied
4. Denied. The breach was not that material.
5. Denied. The plaintiff did receive material benefits from the contract."

After the finding, the plaintiff filed:

Motion for new trial. Motion to reopen the case for the hearing of evidence on the is- sue of damages only. Motion to amend the declaration.

All of the motions were denied.

The plaintiff claims to be aggrieved by the court's rulings on requests #2, 3, 4 and 5; by the findings of the court; by the denial of the

motions, and by the finding of the court for nominal damages.

Since there was some support in the evidence for the findings of fact and the finding of the trial judge, they are not reviewable by this Division. *Kellogg* v. *Suher,* 329 Mass. 544, *Piekos* v. *Bachand,* 333 Mass. 211.

The motions were all addressed to the discretion of the trial judge. There is nothing in the report to indicate that he abused his discretion. As a consequence, we must rule that the disallowance of the motions did not constitute predicial error. *Bartley* v. *Phillips,* 317 Mass. 35.

Request #2 was allowed. However, the trial judge found as a fact that the defendant did not fail to perform a material part of the contract.

Since the trial judge conceded that he would be warranted in making a contrary finding, the plaintiff is not aggrieved.

Request #3 assumes that the material part of the contract failed. Since this is not in accordance with the facts found by the trial judge, the request was properly denied.

Request #4 is dependent on the evidence. The trial judge heard the testimony and also took a view of the premises involved. His denial of the request is tantamount to saying that as a matter of law, evidence viewed in a light most favorable to the plaintiff would not permit of a finding that there was such a material breach

of the contract that the plaintiff received no benefit therefrom. While the evidence indicates that the plaintiff had a number of complaints about the work of the defendant, it does not go as far as the plaintiff's request would require and rule out the possibility of the defendant receiving any benefit from the work.

But even if we were to agree with the plaintiff that the request should have been allowed, its denial did not constitute prejudicial error.

The findings of the trial judge that the breach of the contract by the defendant was not of so gross a nature as to entitle the plaintiff to rescind the contract was clearly made independently of Request #4, and rendered it immaterial. *Stella* v. *Curtis,* 348 Mass. 548.

 Request #5 again assumes a fact not found by the trial judge. It is predicated on the assumption that the plaintiff received no benefit from the contract. But the trial judge found that he did and since the evidence and the fact that he took a view would support such a finding, we have no power to review it. *Piekos* v. *Bachand,* 333 Mass. 211.

There being no prejudicial error, **the report is dismissed.**

JOSEPH I. EPSTEIN
 for Plaintiff
ARTHUR M. GILMAN
 for Defendant